UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY JAMES MATHEWS,

               Petitioner,                     Case No. 24-cv-12487

v.

                                      HON. MARK A. GOLDSMITH

NOAH NAGY,

               Respondent.

_____/

### OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1) and (2) DENYING A CERTIFICATE OF APPEALABILITY

Tracy James Mathews, a Michigan prisoner imprisoned at the Parnall Corrections Facility, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.  Mathews pled guilty in the Ingham Circuit Court to aggravated child sexually abusive activity, Mich. Comp. Laws § 750.145(C)(2)(b), and using a computer to commit a crime.  Mich. Comp. Laws § 752.797(3)(F).  Mathews claims that another charge of aggravated child sexually abusive activity, dismissed as part of his plea deal, continues to be used against him in some unspecified way.  The case will be summary dismissed because Mathews has not first presented his claim to the state courts.

### I.     BACKGROUND

The Ingham Circuit Court electronic docket sheet indicates that Mathews was charged with three counts of aggravated child sexually abusive activity, three counts of aggravated possession of child sexually abusive material, and six counts of using a computer to commit a crime.  People v. Mathews, Ingham County No. 2000170-FH-C30.[1]

---

[1]See https://courts.ingham.org/CourtRecordSearch/ROALookup

On June 2, 2020, Mathews pled guilty and was convicted of two of the charges as noted above, and the remaining ten counts were dismissed as part of a plea deal.  On July 22, 2020, the court sentenced Mathews to 12 months in jail followed by 30 months of probation . Id.

On March 7, 2023, Mathews was found guilty of violating the terms of his probation.  On May 2, 2023, he was resentenced to 3–25 years' imprisonment for the child sexually abusive activity offense, and 3-20 years' imprisonment for the use of a computer to commit a crime offense. Id.

Mathews admits in his habeas petition that he has not sought any relief in the state courts with respect to his convictions or sentence.  Petition at PageID.2–3, 6 (Dkt. 1).  The threadbare pro se petition asserts: "FEL child sex abuse activity aggravated 55th DC was dismissed on the record if I plead guilty to count one child sex abuse and count to computers-use crime . . . I figured that with the dismissal being on record said charges would never be brought up again . . ." Id. at PageID.5–6.

Nowhere in his petition does Mathews assert how or in what context the dismissed charge is "being brought up again."  Nor does Mathews argue why "bringing up" the dismissed charge violates his federal constitutional rights. Mathews requests that the dismissed charge should "never [be] brought up again." Id. at PageID.15.

## II.    ANALYSIS

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases.  If the Court determines that the petitioner is not entitled to relief, the Court must summarily

dismiss the petition.  McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition.   28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  Id.  To fulfill the exhaustion requirement, a petitioner must fairly present his federal claims to all levels of the state appellate system, including the state's highest court.  Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009).   Petitioner bears the burden of showing he has exhausted his state court remedies.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  The district court can raise exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts.  Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Mathews has not exhausted his state court remedies with respect to any potential habeas claims regarding the unspecified consideration of a charge dismissed during his guilty plea. Mathews acknowledges in his petition that he has never sought any form of state court review. Though Mathews may be time-barred from filing a direct appeal from his conviction and resentencing,  see Mich. Ct. R. 7.205(A)(2) (application for leave to appeal may be filed in Michigan Court of Appeals within six months of entry of judgment), he may still file a motion for relief from judgment in the state trial court. See Mich. Ct. R. 6.501 et seq.  Because Petitioner has failed to exhaust his state court remedies, his petition is properly dismissed without prejudice. Rhines v. Weber, 544 U.S. 269, 273-74 (2005); Rose v. Lundy, 455 U.S. 509 (1982)).

The Court notes that in some cases a stay of proceedings rather than dismissal of unexhausted petitions is warranted.  See Rhines, 544 U.S. at 277.  Not so here.  Stay and abeyance

is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the habeas petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics.  Id. at 277.

Mathews fails to assert good cause for failing to raise his claim in the state courts before proceeding in federal court.  Mathews explains that he did not present his issue to the state courts because "I figured that with the dismissal being on record said charge would never be brought up again."  Petition at PageID.6.  While that may explain why Mathews did not directly appeal his conviction, it does not explain why he filed a federal habeas petition before filing a post-conviction motion in the state trial court.

Moreover, Mathews does not assert the existence of a claim that is not plainly meritless. He fails to indicate in what way the dismissed charge is being "brought up again," and he fails to assert how any state action with respect to the dismissed charge violates his federal constitutional rights.  A stay would therefore not be appropriate in this case.

### III.    CONCLUSION

Accordingly, it is ordered that the petition for a writ of habeas corpus (Dkt. 1) is dismissed without prejudice.  It is further ordered that a certificate of appealability is denied because the Court's disposition of the case is not reasonably debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

**IT IS SO ORDERED.**

Dated: June 10, 2025                                  s/Mark A. Goldsmith
Detroit, Michigan                                       MARK A. GOLDSMITH
                                                                  United States District Judge

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2025.

s/Joseph Heacox
Joseph Heacox
Case Manager
